UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARSA R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.: 25-cv-0781-AGS-BLM <br><br> **ORDER GRANTING PLAINTIFF'S IFP MOTION (ECF 2)** |

Plaintiff moves to proceed without paying the court-filing fees in this Social Security appeal.

Typically, parties instituting a civil action in a United States district court must pay $402 in filing fees.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without prepaying those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff here has an average monthly income of $342, which is equal to plaintiff's total monthly expenses. (ECF 2, at 2, 5.) Otherwise, plaintiff "cannot work" and is "currently homeless." (*Id.* at 5.) This suffices to show that plaintiff cannot pay the filing fee. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("[A] party need not be completely destitute to proceed IFP.").

When reviewing an IFP motion, the court must also screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must set forth sufficient facts to support the legal conclusion that the Commissioner's decision was incorrect. Namely, "to survive the

---

[1] In addition to the $350 statutory fee, civil litigants must pay a $52 administrative fee. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

1

Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision," (2) "indicate the judicial district in which the plaintiff resides," (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Kristen R. v. Kijakazi*, No. 22-CV-1715-AGS, 2022 WL 17573932, at *1 (S.D. Cal. Nov. 7, 2022).

Plaintiff meets all four screening requirements. First, plaintiff exhausted administrative remedies and timely commenced this action given that (a) plaintiff's "action is an appeal from an administrative decision denying" plaintiff's claim and (b) plaintiff filed the complaint within sixty days of the final decision. (ECF 1, at 2; ECF 1-2, at 2.) Second, plaintiff resides in San Diego and "within this judicial district." (ECF 1, at 2.) Third, plaintiff states the disability's nature and start date: "medically severe impairments of lumbar and cervical degenerative disc disease and degenerative joint disease, asthma, right ankle pain secondary to history of right ankle fracture, depressive disorder vs. an adjustment disorder, anxiety disorder, and history of borderline personality disorder," beginning on "July 21, 2023." (*Id.*) Finally, plaintiff identifies the nature of the disagreement with the final decision: its "findings of fact" "are not supported by substantial evidence and are contrary to law and regulation," and it "failed to comply with the regulations in weighing the opinion evidence in this case, evaluating credibility, and supporting the finding of non-disability with substantial evidence." (*Id.* at 3.)

These allegations survive the "low threshold" for § 1915(e) screening, and the court **GRANTS** plaintiff's IFP motion. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

Dated:  April 29, 2025

_____
Hon. Andrew G. Schopler
United States District Judge